**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1495**

ANA MAHU; DENIS IGOREVICH ZERNYUKOV,

        Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: November 9, 2012      Decided: December 28, 2012

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alexander J. Segal, GRINBERG & SEGAL, P.L.L.C., New York, New
York for Petitioners. Stuart F. Delery, Acting Assistant
Attorney General, Blair T. O'Connor, Assistant Director, Rosanne
M. Perry, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ana Mahu, a native and citizen of Moldova, and her husband, Denis Igorevich Zernyukov, a native and citizen of Russia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying Mahu's applications for asylum and withholding from removal.[1] The Petitioners make several challenges to the adverse credibility finding and to the finding that they failed to supply sufficient corroborating evidence. In addition, they challenge the finding that Mahu failed to show past persecution or a well-founded fear of persecution. We have considered their arguments and deny the petition for review.[2]

The current state of the law regarding this court's review of final orders denying asylum and withholding of removal was recently summarized in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). The INA vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of . . . political

---

[1] Mahu is the primary asylum applicant, and Zernyukov is a derivative applicant.

[2] The Petitioners affirmatively waive any challenge to the denial of relief under the Convention Against Torture.

opinion" or other protected grounds. 8 U.S.C. § 1101(a)(42)(A) (2006). Asylum applicants have the burden of proving that they satisfy the definition of a refugee to qualify for relief. They satisfy this burden by showing that they were subjected to past persecution or that they have a well-founded fear of persecution on account of a protected ground such as political opinion. See 8 C.F.R. § 208.13(b)(1) (2012). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution.

Aliens face a heightened burden of proof to qualify for withholding of removal. They must show a clear probability of persecution on account of a protected ground. If they meet this heightened burden, withholding of removal is mandatory. However, if applicants cannot demonstrate asylum eligibility, their applications for withholding of removal will necessarily fail as well.

When the Board adopts the immigration judge's decision and includes its own reasoning, this Court reviews both decisions. Djadjou, 662 F.3d at 273. This Court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Id. The standard of review of the agency's findings is narrow and deferential. Id. Factual findings are affirmed if supported by substantial evidence. Id. Substantial evidence exists to support a finding unless the

3

evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Id.

This Court reviews an adverse credibility determination for substantial evidence and gives broad deference to the Board's credibility determination. Djadjou, 662 F.3d at 273. The Board must provide specific, cogent reasons for making an adverse credibility determination. Id. This Court recognizes that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate reasons for making an adverse credibility determination. Id. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility determination as to the alien's entire testimony regarding past persecution. Id. at 273-74. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2006);[3] see Djadjou, 662 F.3d at 272-74 (citations omitted).

An adverse credibility finding can support a conclusion that the alien did not establish past persecution.

---

[3] Mahu's application is governed by the provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, because it was filed after May 11, 2005. See Singh v. Holder, 699 F.3d 321, __, 2012 WL 5383287, *5 (4th Cir. 2012).

See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of asylum relief can be based solely upon an adverse credibility finding).

We conclude that the adverse credibility finding was supported by substantial evidence. The immigration judge listed specific and cogent reasons for making the finding. While Mahu offered an explanation for each finding, plausible explanations do not need to be accepted by the immigration judge. See Dankam v. Gonzales, 495 F.3d 113, 122 (4th Cir. 2007) (plausible explanations may be rejected by the immigration judge); Tewabe v. Gonzales, 446 F.3d 533, 539 (4th Cir. 2006) (plausible testimony does not necessarily lead to a credibility finding if the immigration judge can provide specific, cogent and non-speculative reasons for finding the alien not credible). In light of the broad deference afforded credibility determinations, we conclude that there was no error in rejecting Mahu's explanations. See Djadjou, 662 F.3d at 273.

We also conclude there was no error when the immigration judge took into consideration the lack of readily available corroborating evidence. Even when there is credible testimony, "'corroboration may be required when it is reasonable to expect such proof and there is no reasonable explanation for its absence.'" Maryenka v. Holder, 592 F.3d 594, 601 (4th Cir.

2010) (quoting Lin-Jian v. Gonzales, 489 F.3d 182, 191-92 (4th Cir. 2007)).

Turning to consider Mahu's arguments regarding persecution, we conclude that substantial evidence supports the finding that Mahu failed to establish past persecution. Persecution is an extreme concept, and not every incident of mistreatment or harassment constitutes persecution within the meaning of the INA. Qiao Hua Li v. Gonzales, 405 F.3d 171, 177-78 (4th Cir. 2005). Brief detentions and repeated interrogations, even those occurring over a substantial period of time, do not necessarily amount to persecution. Id. at 177. Moreover, courts "have been reluctant to categorize detentions unaccompanied by severe physical abuse or torture as persecution." Id.; see Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004) (finding that "[m]inor beatings and brief detentions" do not constitute persecution). The Board has found persecution to include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (citing Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985)). Mahu testified that she was arrested by police for participating in an anti-government rally and detained for about five hours until her parents paid a bribe securing her release. Mahu stated that during her brief detention she was

6

beaten with batons on at least two occasions. As a result of the beatings, Mahu suffered headaches and sought medical attention. She testified that she still suffers from headaches but has not sought medical attention since arriving in the United States. Mahu also testified that during another anti-government rally, police threw her whistle on the ground and took her camera. Mahu's brief detention during which she was beaten twice, but without evidence of severe injury, and the single incident of police harassment does not compel a finding that Mahu was the victim of past persecution. See, e.g., Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir. 2004) (minor beatings and detentions lasting two or three days do not amount to past persecution); Dandan v. Ashcroft, 339 F.3d 567, 573-74 (7th Cir. 2003) (three day detention during which alien was beaten and deprived of food did not compel a finding of past persecution).

We also conclude that substantial evidence supports the finding that Mahu did not establish a well-founded fear of persecution. The well-founded fear standard contains both a subjective and an objective component. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in similar circumstances to fear persecution. Id. "The subjective component can be met through

7

the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution. [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts, and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks, alterations, and citations omitted). The record shows that Mahu was able to leave Moldova without incident, supporting the finding that she was not being targeted by government authorities. Mahu's expert witness acknowledged that there was no record of members of Mahu's political party being detained or arrested merely for being a party member and that the government was investigating charges of police brutality on anti-government protestors. On this record, we are not compelled to find that Mahu has a well-founded fear of persecution because there is no evidence that she is being targeted by authorities or that persons similarly situated to her face a risk of being persecuted.

Because we conclude that Mahu failed to show she was eligible for asylum, she is also not eligible for withholding of removal. See Djadjou, 662 F.3d at 272.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

PETITION DENIED